Nathaniel A. BOONE,
Plaintiff-Appellant,

v.

MECHANICAL SPECIALTIES
COMPANY,
Defendant-Appellee.

No. 77-3999.

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1979.

Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Boone appeals from the dismissal of his Title VII action against Mechanical Specialties Company (Mechanical). We find that the district court correctly found that Boone's claim was barred by laches, and affirm.

## I. BACKGROUND

Boone began working at Mechanical in 1960. He was discharged on October 17, 1969. Boone contends that his discharge was caused by racial discrimination. Mechanical counters this by claiming that it was Boone's poor job performance and inability to get along with his fellow employees.

On October 29, 1969, Boone filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that he had been wrongfully discharged. And, on November 6, 1969, he filed a similar complaint with the California Fair Employment Practice Commission. This California charge was dismissed on May 11, 1970. Additionally, prior to his discharge, Boone had filed a discrimination charge with the Office of Federal Contract Compliance. This was dismissed on April 24, 1970, "as being unsubstantiated by fact."

Meanwhile, Boone's EEOC charge remained pending for almost seven years, until August 3, 1976, when Boone requested and received a right-to-sue letter. Finally, on December 21, 1976, Boone instituted the present civil action in district court.

Boone was aware that he could receive a right-to-sue letter and bring a civil action at an earlier time, but he chose not to do so. An EEOC representative asked Boone fre-

Carl L. Cain, Inglewood, Cal., for plaintiff-appellant.

Hugh Steven Wilson, Latham & Watkins, Los Angeles, Cal., for defendant-appellee.

---

\* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

quently whether he wanted a right-to-sue letter. Boone understood that the EEOC would then close the file on his case, and he could bring a civil action in the courts. Instead, the EEOC kept the file open at Boone's request. Boone rejected all of the EEOC's earlier offers of right-to-sue letters.

In the meantime, many of Mechanical's employees who may have had information relating to Boone's discharge are no longer available. Of the 51 Mechanical employees Boone named in his deposition as possible witnesses, only 16 were still employed there in 1977. Of the 24 witnesses Boone listed in the Pre-Trial Order, Mechanical could only identify 7. Michael Fink, the general manager of Mechanical and in whose office Boone was terminated, died several years ago. Robert Howland and John Thomas, two of Boone's supervisors, are no longer with Mechanical. The present whereabouts of Leroy Calloway who was involved in the incident which precipitated Boone's termination, are unknown. Moreover, the California unemployment compensation appeals files relating to Boone's discharge are no longer available.

On May 27, 1977, the district court entered an order dismissing Boone's action on the merits. The court below found several grounds which justified dismissal.

In regards to laches, the court found that "[b]ecause [Boone's] substantial delay in bringing this action was inexcusable and has resulted in severe prejudice to [Mechanical], [Mechanical] is entitled to a dismissal of this action under the doctrine of laches." Since we conclude that judgment was properly entered under laches, we do not address the other issues decided by the district court.

## II. STANDARD OF REVIEW

In entering its order of dismissal, the district court considered the uncontroverted moving papers and supporting affidavits submitted by Mechanical. Because of this, we view the dismissal as summary judgment under Fed.R.Civ.P. 56. *Great Western Bank & Trust v. Kotz*, 532 F.2d 1252, 1254 (9th Cir. 1976).

Summary judgment is appropriate "only where there is no genuine issue of any material fact or where viewing the evidence and the inferences drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59, 63 (9th Cir. 1973). Although this test generally limits the availability of summary judgment, it does not have much bearing on the present case since Boone has never challenged the evidence in the materials which Mechanical presented to the court. In reviewing the judgment entered in Mechanical's favor, we must decide whether Mechanical was entitled to prevail as a matter of law.

## III. DISCUSSION

This case presents two questions for our consideration. First, we must decide whether laches may be used as a defense to a Title VII claim. And, second, we must determine whether it was properly applied to the present case.

This court has not previously decided whether laches or an unreasonable delay may bar a Title VII claim. Nevertheless, we believe that the clear weight of authority supports the use of laches as a defense to a Title VII action.

Laches is an equitable time limitation on a party's right to bring suit. The doctrine bars an action where a party's unexcused or unreasonable delay has prejudiced his adversary. *International T. & T. Corp. v. General T. & E. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975). "The bare fact of delay creates a rebuttable presumption of prejudice." *Id.* It protects against difficulties caused by the unreasonable delay in bringing an action, not against problems created by the pendency of a lawsuit after it is filed. *Shouse v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir. 1977).

The district courts may exercise their traditional equitable powers in Title VII actions. *EEOC v. General Tel. Co. of Northwest*, 599 F.2d 322, 334 (9th Cir. 1979).

When a defendant is prejudiced by an unexcused delay by a private plaintiff, the district court has the discretionary power to locate "a just result." *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424–425, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 373, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977).[1]

■ Both the Eighth and the Fourth Circuits have recognized that laches or an unreasonable delay prejudicing the defendant can be used as a defense to a Title VII action brought by the EEOC. *EEOC v. Westinghouse Elec. Corp.,* 592 F.2d 484 (8th Cir. 1979) (reversing summary judgment because of insufficient showing of prejudice); *EEOC v. Liberty Loan Corp.,* 584 F.2d 853 (8th Cir. 1978) (affirming summary judgment based on unreasonable delay prejudicing the defendant); *EEOC v. American Nat. Bank,* 574 F.2d 1173 (4th Cir. 1978), *cert. denied,* 439 U.S. 876, 99 S.Ct. 213, 58 L.Ed.2d 190 (reversing summary judgment because of insufficient showing of prejudice). And, the Fifth Circuit has held that laches may bar a Title VII action brought by private plaintiffs. *Bernard v. Gulf Oil, Inc.,* 596 F.2d 1249, 1256–1258 (5th Cir. 1979), *rehearing en banc granted,* 604 F.2d 449; *Fowler v. Blue Bell, Inc.,* 596 F.2d 1276, 1278–1280 (5th Cir. 1979). We hold that laches may be used as a defense to a Title VII action.

■ Title VII clearly cannot countenance the type of delay which occurred in the present case. The court below found it inexcusable as a matter of law. The EEOC informed Boone on several occasions that he could have a right-to-sue letter and institute a civil action. He was advised that the EEOC would assist him in bringing an action in the courts. Nevertheless, Boone repeatedly refused, choosing instead to sleep on his rights. Boone offered no evidence from which this court or the court below could even infer an excuse for his seven-year delay. In the absence of any factual issues, we conclude that the district court correctly found that Boone's delay in bringing suit was unreasonable.

The court below also found that Mechanical was severely prejudiced. As discussed earlier in this opinion, Mechanical has shown that most of the witnesses are no longer available. Many of Mechanical's key employees at the time of Boone's dismissal would not be able to testify at trial. In this situation Mechanical should not be held responsible for the intervening deaths, retirements, voluntary and involuntary terminations, which normally occur with the passage of time.

Boone does not argue that Mechanical would not be prejudiced in its attempt to defend against his lawsuit. Instead, he claims that Mechanical should have been on notice because the EEOC charge had remained on the books over all those years. Boone contends that Mechanical could have preserved the testimony of the lost witnesses through affidavits or depositions. Mechanical could have done this, but in this situation we do not believe that it was under any type of affirmative duty to avoid or mitigate the prejudice which occurred with the passage of time. Laches protects defendants from prejudice resulting from delays in filing suits. Mechanical was on

---

1. In *Occidental Life, supra,* the Supreme Court recognized that the EEOC was not bound by a specific statute of limitations in filing a Title VII lawsuit, but then went on to make the following observation:

"It is, of course, possible that despite these procedural protections [referring to various statutory safeguards in Title VII and the regulations of the EEOC] a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief. This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424–25, 95 S.Ct. 2362, 45 L.Ed.2d 280. The same discretionary power to 'locate a just result in light of the circumstances peculiar to the case,' *ibid.,* can also be exercised when the EEOC is the plaintiff."
432 U.S. at 373, 97 S.Ct. at 2458.

notice of an administrative charge which had been lying dormant for several years. Two other administrative charges involving the same individual had been dismissed by other agencies. In the absence of any type of continuing administrative proceedings [2] (as opposed to a sleeping claim), we do not believe that Mechanical was under an affirmative obligation to prepare for a lawsuit which would be filed seven years after the incident giving rise to it occurred. We hold that the district court did not err in finding prejudice to Mechanical.

### IV. *CONCLUSION*

■ In the present case we state the exception and not the general rule.[3] Normally, it may be reasonable for an aggrieved employee to allow the EEOC to retain jurisdiction over a Title VII action. The Act clearly encourages informal conciliation of grievances through the offices of the EEOC. Nevertheless, we cannot read Title VII as providing for the indefinite tolling of a claim which knowingly lies dormant with the EEOC, to the prejudice of the adversary party.[4] We therefore conclude that Boone's Title VII claim is barred by laches. The judgment of the district court is

AFFIRMED.

---

**2.** This factor makes the case distinguishable from the Fifth Circuit cases. *See Bernard ,* *supra,* 596 F.2d at 1256–1257; *Fowler, supra,* 596 F.2d at 1278–1280. Another distinction is that there was a showing that many of the missing witnesses were unavailable to testify. *See Fowler, supra,* 596 F.2d at 1279–1280.

**3.** See Justice Marshall's concurring opinion in *Albemarle, supra,* where he said that laches would rarely bar a Title VII action. 422 U.S. at

440–441, 95 S.Ct. 2362. However, the prejudice in the present case was not of the speculative variety criticized by Justice Marshall.

**4.** *See, e. g., Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (where Court held that filing of Title VII action with EEOC did not toll the statute of limitations on a § 1981 cause of action arising from the same incident).