Horace **BROWN, Plaintiff/Appellant,**

v.

**CONTINENTAL CAN COMPANY, Defendant/Appellee.**

No. 84–2052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1985.

Decided July 8, 1985.

---

Susan Elizabeth Rees, Atty. E.E.O.C., Washington, D.C., as amicus curiae.

Michael R. Bush, Legal Services of Northern California, Chico, Cal., for plaintiff, appellant.

Christopher J. Rillo, Janet F. Bentley, Daniel P. Westman, Thelen, Marrin, Johnson, & Bridges, San Francisco, Cal., for defendant, appellee.

Before PREGERSON and FERGUSON, Circuit Judges, and STEPHENS,* District Judge.

FERGUSON, Circuit Judge:

The district court dismissed plaintiff Horace Brown's Title VII civil suit for lack of subject matter jurisdiction. Because Brown filed his action within ninety days of a valid right-to-sue letter issued upon a prior, reasonably related incident of discrimination by the same employer, we reverse.

I

Horace Brown ("Brown"), a black male employed by Continental Can Company ("Continental") from July 7, 1968 to October 20, 1978, filed two charges with the Equal Economic Employment Opportunity Commission ("EEOC") alleging discrimination by Continental. His first charge, filed in July 1977, alleged he had been removed from a training program because of his race. His second charge, alleging discrimination in his termination by Continental, was filed in November 1978 after he had been discharged by Continental on October 20, 1978.

The EEOC assigned the number 092772576 to the charge alleging discrimination in training and number 092790276 to the charge alleging discrimination in termination. The second charge, alleging discrimination in termination, was assigned for investigation before the first charge, alleging discrimination in training. Due to Brown's failure to respond to EEOC correspondence, the termination charge was dismissed on December 6, 1983. A right-to-sue letter bearing the charge number 092790276 was issued to Brown on January 26, 1983. Brown brought no civil action within the required ninety days of his receipt of this letter. 42 U.S.C. § 2000e–5(f)(1).

The first charge alleging discrimination in training was subsequently assigned for investigation. The EEOC determined that there was reasonable cause to believe that the allegations in this charge were true. Evidence indicates that the EEOC officer assigned to this charge investigated the termination charge at this time. On November 17, 1983, when all attempts at conciliation with Continental had failed, the EEOC issued a right-to-sue letter bearing only the charge number 092772576 (the training charge) to Brown.

Within the ninety-day limitation period prescribed by statute, Brown filed a *pro se* Title VII form complaint against Continental. In his complaint he alleged that his discharge by Continental was racially motivated. Brown also requested court-appointed counsel.

Continental moved to dismiss the action as untimely. The district court granted Continental's motion, dismissing Brown's complaint with prejudice because of his failure to file within ninety days of receipt of the January 26, 1983 right-to-sue letter issued on the termination charge. 42 U.S.C. § 2000e–5(f)(1). Brown appeals the dismissal of his complaint to this court.

On appeal, the issues presented to this court are: (1) Whether the district court erred in dismissing Brown's complaint as untimely when it was filed within ninety days of receipt of a notice of right to sue issued on a prior, related charge against the same employer; (2) Whether the district court abused its discretion in refusing to consider Brown's request for appointment of counsel; and (3) Whether this action is barred by laches.

II

Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), provides that within ninety days after the issuance of a right-to-sue letter by the EEOC, "a civil action may be brought against the respondent named in the charge." While it is true that Brown did not file his action alleging that his dis-

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

charge had been racially motivated within ninety days of the right-to-sue letter issued upon that charge, he did file his action within ninety days of the right-to-sue letter issued upon his first EEOC charge alleging discrimination in his removal from a training program.

 It is well-established in the Ninth Circuit that an employee filing a civil action within ninety days of receipt of a valid right-to-sue letter may include incidents of discrimination in his complaint even though such incidents are not listed in his charge to the EEOC upon which that letter was issued, if such incidents are "like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973). *See also Ramirez v. National Distillers & Chemical Corp.*, 586 F.2d 1315, 1320 (9th Cir.1978). Under this standard Brown's action is timely because his termination constituted a new act of alleged discrimination that was reasonably related to and occurred during the pendency of his EEOC charge alleging discrimination in training upon which the November 17, 1983 right-to-sue letter was issued.

There is, however, one question in this case which has not been addressed by this circuit in this context before. Brown filed two charges with the EEOC and the "reasonably related" and after-occurring incident of discrimination in termination was the subject of one of these charges. The EEOC issued a right-to-sue letter on that charge in January 1983 and Brown did not file within ninety days of that letter. The question therefore is whether, even though his discharge by Continental in 1978 "constituted a new act of alleged discrimination that was reasonably related to [Brown's] original charge" of training discrimination, *Ramirez*, 586 F.2d at 1320, the issuance of the first right-to-sue letter precludes Brown from alleging discrimination in his discharge in this action.

Both Ninth Circuit and Supreme Court cases involving Title VII procedural re-quirements indicate that the answer here should be "no." As this circuit stated in *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983), "'[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination,'" *id.* at 1084 (quoting *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978)) (brackets in *Rice*), and "'a technical reading [of Title VII] would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process."'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)) (brackets in *Rice*)). Brown filed a civil complaint within ninety days of a valid right-to-sue letter issued upon his charge alleging discrimination in *training*. Brown filed the training charge with the EEOC on July 26, 1977. He was discharged by Continental on October 20, 1978. His discharge was thus an incident of discrimination by the same employer which was reasonably related to the allegations of the training charge and was a new act occurring during the pendency of the training charge before the EEOC. Brown should therefore be allowed to amend his complaint to allege discrimination in training as well as discrimination in termination so that under *Oubichon* and *Ramirez* his complaint will be timely filed.

The district court based its dismissal of Brown's complaint upon *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir.1975), but *Cleveland* is not dispositive here. In that case, the plaintiff, Cleveland, filed a charge with the EEOC alleging that he was terminated by his employer for racial motives. The EEOC issued a right-to-sue letter before it had completed handling the charge at the administrative level. Cleveland then filed a Title VII action within the statutory time limit. The EEOC

then advised Cleveland to move to dismiss his complaint without prejudice and allow the EEOC to first exhaust the administrative process. Cleveland did this, but the EEOC failed to effect conciliation. The EEOC then issued a second right-to-sue letter. Cleveland again filed suit under Title VII. The court dismissed Cleveland's complaint as not timely. The court held that the issuance of the second right-to-sue letter was without effect because the EEOC had no statutory authority to issue a second letter on the same charge. Thus, the statutory period was deemed to run from the issuance of the first right-to-sue letter.

This case is distinguishable from *Cleveland*. Cleveland filed only one charge with the EEOC upon which both letters were issued. Brown, however, filed two separate charges with the EEOC upon which he received two different right-to-sue letters. Brown thus filed within ninety days of a valid right-to-sue letter upon a reasonably related after-occurring incident of discrimination, while Cleveland did not. Cleveland filed after an invalid right-to-sue letter. *Cleveland* therefore does not govern the result in this case.

Brown's complaint is therefore timely filed and should not have been dismissed for lack of subject matter jurisdiction.

## III

In the district court, Brown filed a request for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1). In the application he set forth his own unsuccessful efforts to obtain counsel. The district court dismissed Brown's complaint without ruling on this motion. However, at the hearing on the motion to dismiss, the court did advise Brown that he should have a lawyer representing him because his complaint involved a difficult area of the law.

■ Section 2000e-5(f)(1) provides that upon application of the complainant, the court may appoint counsel in employment discrimination cases "in such circumstances as the court may deem just." The decision of the district court is subject to review only for an abuse of discretion. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir.1981). In exercising its discretion the court is required to assess: (1) the complainant's financial resources; (2) the efforts made by the complainant to secure counsel; and (3) whether the complainant's claim has merit. *Id.*

The district court here did not exercise its discretion at all. Holding that it lacked jurisdiction, the court dismissed the complaint. Therefore, on remand the district court should exercise its discretion in determining whether to grant Brown's application for counsel.

## IV

Continental contends that the district court's order should be affirmed on the alternate ground that Brown's action is barred under the doctrine of laches.

■ Laches is an equitable doctrine. Its application depends upon the facts of the particular case. *Gifford v. Atchison, Topeka & Santa Fe Railway Co.*, 685 F.2d 1149, 1152 (9th Cir.1982). To establish laches the defendant must show both an unexcused or unreasonable delay by the plaintiff and prejudice to himself. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666-67 (9th Cir.1980) (citing *Costello v. United States*, 365 U.S. 265, 282 (1961)); *Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958 (9th Cir.1979). This circuit has recognized that laches can be used as a defense against a private plaintiff in a Title VII suit. *Boone v. Mechanical Specialties Co.*, 609 F.2d 956 (9th Cir.1979).

Continental argues that *Boone v. Mechanical Specialties Co.*, is dispositive here. In *Boone*, this circuit held that a private plaintiff's Title VII claim was barred by laches where there was a seven-year delay. The court, however, emphasized that its holding stated the exception and not the general rule. 609 F.2d at 960. The EEOC in that case had frequently informed the plaintiff that it would issue a right-to-sue letter to him and assist him in bringing an action in the courts. The plain-

tiff, however, repeatedly refused these offers and the EEOC kept his file open at his request. The plaintiff offered no excuse to the court for his seven-year delay and did not challenge the defendant employer's showing that it had been significantly prejudiced through no fault of its own by the plaintiff's unexcusable delay.

■ In the instant case, Brown did not deliberately delay seeking a right-to-sue letter. Furthermore, he filed within ninety days of a valid right-to-sue letter. This circuit has recognized that EEOC delays are not to be charged against private plaintiffs and that complainants are not required to terminate the administrative process by requesting a notice of right-to-sue. *See Bratton v. Bethlehem Steel Corp.*, 649 F.2d at 667 n. 8. "Ordinarily, if the EEOC retains control over a charge, a private plaintiff will not be charged with its mistakes." *Gifford,* 685 F.2d at 1152.

Continental has presented affidavits alleging that it has been prejudiced, like the defendant in *Boone,* through loss of witnesses present at the time of the challenged conduct and the loss of Brown's personnel file. Brown's conduct, however, is not like that of the plaintiff in *Boone.* Furthermore, Continental has been on notice from the filing of the first charge up to the issuance of the November 17, 1983 right-to-sue letter that it would be required to preserve whatever records it deemed necessary for its defense.

Because, unlike *Boone,* there are disputed issues of material fact here, it cannot be said that the plaintiff was guilty of laches as a matter of law. *See Gifford,* 685 F.2d at 1152 (declining to affirm the district court's grant of summary judgment to the defendant employer in plaintiff's Title VII action brought after a nine-year delay on the alternate basis of laches where there were material factual issues to be resolved). Upon remand the district court may make the factual inquiry necessary in considering the laches defense.

## V

The district court's dismissal of Brown's Title VII complaint as untimely is REVERSED and the case REMANDED for further proceedings in accordance with this opinion.