892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathy D. ISHMAN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Paul N. Carlin, Postmaster
General Defendant-Appellee.
 Nos. 85-2261, 87-2229.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 26, 1989.*
Decided Dec. 13, 1989.
 
 Before CHOY, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These two appeals arise out of Plaintiff Kathy D. Ishman's action against the United States Postal Service ("the Service") for employment discrimination. She contends that the district court erred both in failing to appoint counsel for her (No. 85-2261), and in dismissing her Amended Complaint (No. 87-2229). We affirm the refusal to appoint counsel. We affirm in part and reverse in part the dismissal of the Amended Complaint, and remand the case to the district court.
 
 
 3
 I. No. 85-2261: Denial of Request for Appointment of Counsel.
 
 
 4
 The district court had discretion in this employment discrimination case to grant Ishman counsel if it deemed such appointment just. 42 U.S.C. § 2000e-5(f)(1). We previously have noted that in exercising its discretion a district court should consider, among other things, the complainant's financial resources and efforts to secure counsel, and the merit of the claim. Brown v. Continental Can Co., 765 F.2d 810, 814 (9th Cir.1985); Bradshaw v. Zoological Society, 662 F.2d 1301, 1318 n. 43 (9th Cir.1981).
 
 
 5
 The district court acted within its discretion in denying appointment of counsel for Ishman. The court directed that Ishman's request be heard formally before a federal magistrate. At that hearing, Ishman testified that her annual income was approximately $22,800, and that her usual monthly expenses were approximately $900 at most. Reply Brief of Appellant, p. 39. The magistrate also evaluated the merits of Ishman's claims and found her case unpromising. Plaintiff's Excerpts of Record, p. 4. On the basis of these factors, the magistrate recommended against the appointment of counsel, and the district court accepted the recommendation. We cannot say that, in light of the information gathered by the magistrate, the district court had no choice but to appoint counsel.
 
 
 6
 No. 85-2261 is hereby AFFIRMED.
 
 
 7
 II. No. 87-2229: Dismissal of Amended Complaint.
 
 
 8
 A. Denial of Plaintiff's Request for Default Judgment.
 
 
 9
 Ishman appears to argue that the district court committed reversible error by not granting her request for a default judgment for $25,000,000 after the defendant's 3-day delay in filing reply papers in connection with the dismissal motion. The grant or denial of a default judgment is a matter for the district court's discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Moreover, the Federal Rules dictate that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. Fed.R.Civ.P. 55(e). In light of the facts that the Service was not totally deficient in defending against this suit, that the filing delay was short, that the requested judgment was very substantial, and that the court was not convinced of the merit of the claim, the district court acted well within the scope of its discretion by denying the request for default judgment.
 
 
 10
 B. Exclusiveness of Title VII Remedy.
 
 
 11
 In both her initial and amended Complaints, Ishman alleged that the Service had violated several federal statutes in its dealings with her. By an Order dated 12 August 1985, however, the district court ruled that only Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) afforded Ishman any potential remedy. This ruling was correct. Section 2000e-16 is "an exclusive, pre-emptive administrative scheme for the redress of federal employment discrimination." Brown v. General Services Administration, 425 U.S. 820, 828-29 (1976). As a federal employee alleging job-related discrimination, Ishman's sole recourse is to § 2000e-16. See White v. General Services Administration, 652 F.2d 913, 916-917 (9th Cir.1981).[1]
 
 
 12
 An important implication of reliance upon § 2000e-16--and one that was noted by the district court, see Order at 2--is that Ishman must satisfy the requirements of that section in asserting claims. Thus, she may only assert claims that have been brought before the administrative tribunal of first resort within this statutory scheme. Serpe v. Four-Phase Systems, Inc., 718 F.2d 935, 936 (9th Cir.1983) (district court's subject matter jurisdiction in Title VII cases extends only to claims previously lodged with the EEOC). The record below discloses that the only claim in her Amended Complaint that was made before the EEOC was wrongful imposition of a 90-day probationary period following her reinstatement as a postal employee in May 1983. See Supplemental Excerpts of Record, 85, 90, 94. Thus, to the extent that the district court's dismissal covered any asserted claims other than imposition of the probationary period, the dismissal is affirmed.
 
 
 13
 To the extent that the dismissal included the claim for wrongful imposition of the probationary period, however, the dismissal is reversed. This claim could not have been dismissed for failure to satisfy Title VII's administrative requirements. Indeed, the Service has not argued that it should have been. Instead, the Service has argued, both here and below, that the claim is moot because Ishman completed the probationary period without suffering any injury, and thus the court could grant no relief even if Ishman were to prevail on the merits. See Brief of Defendant-Appellee, pp. 14-16; Brief of Defendant in Support of Motion To Dismiss, pp. 5-7.
 
 
 14
 The Service moved under Rule 12(b) to dismiss Ishman's claim of wrongful imposition of the probationary period. Motion To Dismiss. In support of its motion, the Service appended the sworn affidavit of Bette Leavitt, an administrator with the Service, who has personal knowledge of Ishman's employment history. Id. The district court did not exclude the affidavit, and indeed must have relied upon it in deciding whether, for example, Ishman had suffered any uncompensated injury as a result of having held probationary status during her first three months back at work.
 
 
 15
 The Leavitt affidavit constitutes a "matter[ ] outside the pleadings," and, by considering it, the district court converted the defendant's motion to dismiss into one for summary judgment. See Fed.R.Civ.P. 12(b).[2] The Rules dictate that when such a conversion occurs, "all parties shall be given reasonable opportunity to present all material made pertinent to a ... motion under Rule 56." Id. We have noted previously the general agreement that in these circumstances "the non-moving party must be sufficiently informed or aware" that the motion has become one for summary judgment. Garaux v. Pulley, 739 F.2d 437, 438 (9th Cir.1984).
 
 
 16
 Garaux further makes clear that, because Ishman was appearing pro se, it was incumbent upon the court to adhere "strictly" to the notice requirements of Rule 56(c) when it converted the defendant's 12(b)(6) motion into one for summary judgment. 739 F.2d at 439-40; see also McElyea v. Babbitt, 833 F.2d 198, 200 (9th Cir.1987) (grant of summary judgment reversed because pro se plaintiff was not given notice that motion to dismiss had been converted into summary judgment motion). Yet, there is no evidence that Ishman received such notice. Ishman should have been informed that she was now confronting a motion for summary judgment, so that she could have prepared appropriate opposition papers. We therefore remand the case to the district court so that Ishman may be given an opportunity to oppose the Service's summary judgment motion and to show, if she can, that the probation had collateral and continuing consequences. (Apparently, Ishman wishes to dispute, for example, the information in the Leavitt affidavit. See Brief of Appellant at 4.)
 
 
 17
 C. Award of Defendant's Costs and Disbursements.
 
 
 18
 Ishman argues that the district court should not have awarded the Service costs and disbursements related to its motion to dismiss. According to the Federal Rules, however, the court had the discretion to allow costs to the Service, as a prevailing party, as a matter "of course." Fed.R.Civ.P. 54(d). Our reversal necessarily vacates the award of costs; the district court may award them after a new determination of the prevailing party.
 
 
 19
 No. 87-2229 is hereby AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 20
 Each party will bear its own costs for the appeals in No. 85-2261 and No. 87-2229.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Title VII does not bar claims of unconstitutional conduct apart from employment discrimination, Arnold v. U.S., 816 F.2d 1306, 1310-1311 (9th Cir.1987), but Ishman has alleged nothing that would fall into this category. Ishman's general allegations of harassment sound in tort and do not rise to the level of constitutional violations, see id. (post office employee's allegations of assualt and harassment are not constitutional claims)
 
 
 [2]
 Contrary to Plaintiff's contention, the district court did not err in considering an affidavit filed after the close of discovery. An affidavit in support of a party's motion is not among the discovery methods listed by the Rules. See Fed.R.Civ.P. 26(a)