**David Pancost JACKSON, Jr., et al., Plaintiff,**

v.

**Hoyt AXTON, et al., Defendants.**

**No. CV 92–970 TJH (CTx).**

United States District Court, C.D. California.

Jan. 7, 1993.

---

S. Martin Keleti and Evan S. Cohen, Cohen & Luckenbacher, Los Angeles, CA, for plaintiff.

Russell J. Frackman, Jeffrey D. Goldman, Mitchell, Silberberg & Knupp, Los Angeles, CA, for defendants.

## MEMORANDUM OPINION

HATTER, District Judge.

### FACTS

In 1970, Hoyt Axton rented a recording studio and hired several musicians to record a demonstration tape of his musical compositions. David Pancost Jackson, Jr. was one of the musicians. There was studio time left after the demonstration tape was recorded, so Axton and the musicians completed the notes and lyrics, and then recorded, a song that Axton was writing. That song turned out to be the pop hit "Joy to the World" [the "Song"]. Shortly thereafter, Axton registered the Song's copyright, identifying himself as the sole author. In 1991, Axton sold his interests in all of his musical compositions, including the Song, to defendant Rondor International ["Rondor"]. Axton now seeks summary judgment.

In 1992, twenty-two years after the Song was first recorded, Jackson filed this action, claiming to be a co-author of the Song. Prior to filing this action, Jackson never asserted his claim of co-authorship, and never sought additional compensation for his contribution to the Song.

## DISCUSSION

Laches bars a claim when a plaintiff inexcusably delays the filing of a lawsuit, and the delay prejudices the defendant. *Stevens Technical Services, Inc. v. SS Brooklyn*, 885 F.2d 584 (9th Cir.1989). The prejudice requirement can be satisfied by a showing of a change in circumstances, or by showing that the delay has hampered the defendant's ability to vindicate himself due to fading memories or stale evidence. *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838 (D.C.Cir.1982). Moreover, the "bare fact of delay creates a rebuttable presumption of prejudice." *Boone v. Mechanical Specialties*, 609 F.2d 956, 958 (9th Cir.1979).

The Ninth Circuit has not yet addressed the application of laches to a claim of co-authorship. However, the Second Circuit has in *Stone v. Williams*, 873 F.2d 620 (2d Cir.1989), *vacated on other grounds*, 891 F.2d 401 (2d Cir.1989).

Stone, allegedly a daughter of Hank Williams, Sr., sought a declaration that she was entitled to an ownership interest in the renewal copyrights of Williams' musical works. The defendants had entered into numerous transactions involving Williams' songs, all of which were premised on the apparent certainty of the ownership of the songs. The court held that the Stone's six-year delay in bringing suit prejudiced the defendants by creating a false sense of security that their copyright interests would not be contested. The court found that it could not be sure "that defendants would have struck the bargains they did had they anticipated the diminution in their profits that [Stone] seeks." *Stone*, 873 F.2d at 625–26. The Court, further, found prejudice during that period of delay because "the circumstances or relationships between the parties [had] changed so that it would be unfair to let the suit go forward." *Stone*, 873 F.2d at 625.

In the case at bar, this Court can not be sure that Axton would have conducted his business affairs in the manner that he did if he expected that his profits would be reduced. Because of Jackson's twenty-two years of silence, Axton reasonably believed

that he was the Song's sole author and conducted business accordingly. Thus, Jackson's twenty-two year delay has created a presumption of prejudice. *See Boone,* 609 F.2d at 958. Jackson has not rebutted this presumption.

Furthermore, circumstances have changed during the last twenty-two years—Axton no longer owns the Song. Additionally, the memories of the persons involved, including Jackson's, have faded, and relevant evidence has been destroyed.

Since summary judgment may be granted on the basis of laches, *American Int'l Group, Inc. v. American Int'l Bank,* 926 F.2d 829, 831 (9th Cir.1991), it is appropriate here.

It is Ordered that defendant's motion for summary judgment be, and hereby is, Granted.