111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Charles LINDER; Nancy Linder, Debtors.
Charles LINDER; Nancy Linder, Appellants,
v.
Sue SCHILLEMAN; Unsecured Creditors' Committee; Rawlins
Burrus Lewkowitz & Feinstein; David Birdsell,
Chapter 7 Trustee; United States
Trustee, Appellees.
 No. 96-15233.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1997.
Decided April 10, 1997.
 
 Before: GOODWIN, BRUNETTI, & FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles and Nancy Linder, debtors and Appellants, appeal the award of attorney's fees to Rawlins Burrus Lewkowitz & Feinstein, P.C. ("RBLF"), attorneys for the unsecured creditors' committee. Appellants contend that the unsecured creditors' committee never properly appointed RBLF as counsel. The Linders also argue that RBLF had a conflict of interest that prevented it from serving as counsel for the unsecured creditors' committee. Their unreasonable delay in asserting these claims prevents the Linders from now raising them. We affirm.
 
 
 3
 On January 25, 1989, the United States Trustee appointed an unsecured creditors' committee. On April 26, 1989, the bankruptcy court authorized the employment of RBLF as counsel for the unsecured creditors' committee. During the summer of 1989, the Linders became aware of alleged improprieties in RBLF's appointment as counsel including both the manner of appointment and a possible conflict of interest. The Linders delayed acting on this information until November of 1989 when they filed a motion to disqualify RBLF from further representation of the unsecured creditors' committee. The Linders, however, did not prosecute this motion. Finally in April of 1991, in response to RBLF's application for attorney's fees, the Linders renewed their objections to RBLF's appointment as counsel. These objections are the source of this appeal.
 
 
 4
 The Linders cannot now raise a claim for which they have engaged in an unreasonable delay that has caused prejudice to RBLF. See Brown v. Continental Can Co., 765 F.2d 810, 814 (9th Cir.1985). They attempt to do so. The Linders became aware of the basic facts that give rise to their current objections to RBLF's fee award during the summer of 1989. They, however, delayed pursuing their objections based on this information for almost two years until April of 1991. Such delay was unreasonable. During this delay, RBLF performed two years of service for the unsecured creditors' committee at a substantial expense. The Linders cannot now claim that RBLF should not be paid for these efforts. The Linders should have pursued their claims earlier before RBLF had engaged in significant work on behalf of the unsecured creditors' committee.
 
 
 5
 The Linders also object to the bankruptcy court's award of sanctions against them. Bankruptcy judges have inherent power to sanction parties and their counsel. See In re Rainbow Magazine, Inc., 77 F.3d 278, 284 (9th Cir.1996). Given the number of times that the Linders presented substantially the same arguments to the bankruptcy court and given the bankruptcy court's warnings to the Linders, the bankruptcy court did not abuse its discretion in sanctioning the Linders.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3