**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EDWARD E. LOHF,

      Plaintiff-Appellant,

v.

MARVIN RUNYON, Postmaster
General, United States Postal Service;
MOE BILLER, President, American
Postal Workers Union,

      Defendants-Appellees.

No. 98-3087
(D.C. No. 96-CV-4088)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Edward E. Lohf appeals from summary judgment granted in favor of defendants.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review the grant of summary judgment *de novo*, applying the legal standards set forth in Federal Rule of Civil Procedure 56(c).  *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1235 (10th Cir. 1997).

## I.  Background facts

Plaintiff requested compensatory damages, back and front pay, and benefits against the United States Postal Service (USPS) and the American Postal Workers Union (APWU).  He claims that the USPS violated federal law and discriminated against him when it placed him on restricted sick leave status on August 12, 1993 (which meant that plaintiff had to provide medical documentation whenever he applied for sick leave).  He also claims that the USPS discriminated against him and violated federal law when it placed him on administrative leave on August 23, 1993, ordered him to attend a fitness-for-duty examination, required him to participate in an inpatient program for veterans suffering from post-traumatic stress disorder, and then terminated him in June 1995 for inability to perform the duties for which he was hired.  He requested punitive damages against the APWU

for "intentional misrepresentation and abandonment of Plaintiff's grievance process, and abuse of his civil and veteran's rights as a disabled combat veteran." First Amended Complaint, Appellant's App. Vol. I at 19.

It appears that plaintiff sought relief under the Postal Reorganization Act, 39 U.S.C. § 401; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a; the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4214; the Veterans Preference Act of 1944, 5 U.S.C. § 2108; the Federal Tort Claims Act, 28 U.S.C. § 1346; the Civil Rights Act of 1871, 42 U.S.C. § 1985(3); the Rehabilitation Act, 29 U.S.C. § 701; 39 U.S.C. § 1208 (concerning violation of the parties' collective bargaining agreement); the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7101-7135; the merit systems principles codified at 5 U.S.C. § 2302; and the federal constitution. *See* First Amended Complaint, Appellant's App. Vol. I at 1-3.

The district court dismissed all of plaintiff's claims on summary judgment for various reasons. On appeal, plaintiff does not challenge the majority of the court's rulings and raises three issues. We must address plaintiff's second claim of error first because it resolves the issue of whether plaintiff failed to exhaust his administrative remedies. The resolution of that issue governs whether plaintiff's claims of substantive error are reviewable.

## II. Exhaustion of administrative remedies

It is undisputed that plaintiff filed only one claim of discrimination with the Equal Employment Opportunity Commission (EEOC), in which he alleged that the USPS discriminated against him when it placed him on restricted sick leave status in early August 1993. "Exhaustion of administrative remedies is a prerequisite to filing a Title VII action in federal court." *Gulley v. Orr*, 905 F.2d 1383, 1384 (10th Cir. 1990). Plaintiff asserts that the court erroneously concluded that plaintiff's EEOC claim alleging discriminatory placement on restricted medical leave status was not reasonably related to his discrimination claims raised in district court. We agree.

If a claim, including new acts occurring during the pendency of charges before the EEOC, is like or reasonably related to the allegations of an EEOC charge in which a plaintiff has exhausted his administrative remedies, the plaintiff's suit on the new charges should not be dismissed for failure to exhaust administrative remedies. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988). Although *Brown* dealt with whether a claim for retaliation was reasonably related to an existing EEOC charge, it cited *Brown v. Continental Can Co.*, 765 F.2d 810 (9th Cir. 1985), which held that an allegedly discriminatory termination was an act reasonably related to an employee's previous allegedly discriminatory removal from a training program, such that the

employee was not required to exhaust his administrative remedies as to the termination in order to sue for that act when he sued for the discriminatory removal. *See Brown*, 765 F.2d at 813. In his statement of the case, submitted to the EEOC on July 16, 1995, plaintiff alleged continuing violations after his placement on restricted medical leave, stating that these acts were part of a plan to illegally eliminate veterans. *See* Appellant's App. Vol. II at 229, 258. In *Loe v. Heckler*, 768 F.2d 409 (D.C. Cir. 1985) (also cited in *Brown*, 864 F.2d at 682), the court held that when an employee's EEOC charge is supplemented with correspondence that provides the agency with adequate notice of later allegedly discriminatory acts, the EEOC charge is sufficient to satisfy the exhaustion of remedy requirements for those later, related acts. *See Loe*, 768 F.2d at 418.

We have stated that the purpose of the exhaustion of remedies requirement is two-fold: to give notice of the alleged violation to the charged party and to give the EEOC an opportunity to conciliate the claim. *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). We hold that plaintiff's claim that he was terminated in violation of Title VII on the basis of age and disability is reasonably related to his earlier claim that he was placed on restricted medical leave in violation of Title VII on the basis of age and disability.

This does not end the inquiry, however. The district court noted that plaintiff received notice of the agency's final decision on the restricted medical

leave claim on January 20, 1996, but did not file his complaint in district court until May 17, 1996, which is more than ninety days after receiving the decision. *See Order* at 23; *see also* 29 C.F.R. § 1614.408(c) (requiring that suit be filed within ninety days); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990) (acknowledging that suits must be timely filed unless subject to equitable tolling). Therefore, even though the claims are reasonably related, plaintiff's failure to timely file his suit in district court bars the action. Plaintiff has not stated any facts that would equitably toll the statutory limitation period. *See Irwin*, 498 U.S. at 95.

### III. Substantive claims under the Rehabilitation Act

Plaintiff asserts what he perceives as an erroneous interpretation of the USPS's responsibilities to disabled employees under the Rehabilitation Act as another claim of error. However, because plaintiff's claims under this act were foreclosed due to his failure to exhaust his administrative remedies, we will not consider his allegations of substantive error. *See Khader v. Aspin*, 1 F.3d 968, 971 & n.3 (10th Cir. 1993) (stating that exhaustion of administrative remedies is a jurisdictional prerequisite to instituting Title VII or Rehabilitation Act actions in federal court).

## IV. Grievance claim

Finally, plaintiff complains that "the step 3 agreement between the union and the agency . . . deprived [plaintiff] of his appeal rights, violated his due process rights as a preference eligible veteran to a hearing regarding termination of employment, deprived him of disability retirement benefits, and breached the union's duty of fair representation." Appellant's Br. at 6. The district court dismissed plaintiff's claims regarding the grievance process because they were time-barred by the applicable statute of limitations, *see Order* at 12-15, because plaintiff failed to exhaust his administrative remedies under the CSRA, *see id.* at 32, and because plaintiff failed to appeal from the settlement agreement, *see id.* at 30-32. Plaintiff does not address the bases of the court's dismissal, arguing only that because he was notified of the settlement agreement twelve days after the thirty-day appeal date had expired, he was denied his appeal rights. *See* Appellant's Br. at 7. Plaintiff does not cite this court to the record to support his claim, nor does he claim that he ever attempted to appeal the agreement. The district court stated that plaintiff received a copy of the agreement "no later than November 11, 1995," *see Order* at 9, but appellee Moe Biller points this court to an affidavit by Jerry Streeter, which states that he took a copy of the entire union grievance file, including the settlement agreement, to plaintiff's house no later

than October 27, 1995, *see* Appellant's App. Vol. I at 155. Plaintiff's argument is without merit.

### V. Appellee Biller's request for review

Although plaintiff did not appeal from the district court's determination that the APWU is not a covered entity under Title VII and the ADEA, appellee Biller requests that this court affirm that determination. We decline to do so. We will not reach out to create and then decide issues when an appealing party has not appealed from an adverse ruling. *See Snell v. Tunnell*, 920 F.2d 673, 676 (10th Cir. 1990).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge
