Charles WISEMAN; Christy Wiseman,
Plaintiffs—Appellants,

v.

COUNTY OF WASHOE; State of Nevada; Dean R. Hinitz, Ph.D.; John MacIntyre; Vistar, a business organization, form unknown; Richard M. Baldo, Ph.D.; Does, I–X, Defendants—Appellees.

Charles Wiseman; Christy Wiseman,
Plaintiffs—Appellants,

v.

County of Washoe; State of Nevada; Dean R. Hinitz, Ph.D.; John MacIntyre; Vistar, a business organization, form unknown; Richard M. Baldo, Ph.D., Defendants—Appellees.

Charles Wiseman; Christy Wiseman,
Plaintiffs—Appellants,

v.

County of Washoe; State of Nevada; John MacIntyre, Defendants,

and

Dean R. Hinitz, Ph.D.; Vistar, a business organization, form unknown; Richard M. Baldo, Ph.D.; Betty Spruill; Ray Blanchard, Defendants—Appellees.

Nos. 00–15850, 01–15825, 01–17404.
D.C. Nos. CV–98–00472–DWH(PHA),
CV–98–00472–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 12, 2002.

Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Plaintiffs-appellants Charles and Christy Wiseman appeal from the district court's grant of summary judgment in favor of defendants-appellees Washoe County, John MacIntyre and the so-called "Vistar defendants" (Vistar, Dean R. Hinitz, Richard M. Baldo, Betty Spruill, Ray Blanchard). The Wisemans also appeal from the award of attorney's fees and costs to all of the defendants. We AFFIRM the judgment, but REVERSE the award of attorney's fees and REMAND for retaxing of costs.

The parties are familiar with the facts and procedural history of the case. We have reviewed the record, and we agree with the district court that there are no triable issues of fact on the Wisemans' federal claims under the Americans with Disabilities Act (ADA), Title VII of the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Civil Rights Act of 1964, civil RICO, 42 U.S.C. § 1983 or 42 U.S.C. § 1985.

■■■ The ADA claim fails because the Wisemans have not shown that Mr. Wiseman's alcoholism or post-traumatic stress disorder substantially limits him in a major life activity. *See Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 566, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). The Title VII claim was properly dismissed for lack of exhaustion because Wiseman's EEOC charge concerned only disability discrimination, not sexual or religious harassment. *See Brown v. Continental Can Co.,* 765 F.2d 810, 813 (9th Cir.1985). The civil RICO claim fails because the Wisemans have not demonstrated that any of the defendants participated in racketeering activity. *See Ove v. Gwinn,* 264 F.3d 817, 825 (9th Cir.2001).

■■■ The Wisemans' claim under 42 U.S.C. § 1985 is similarly unavailing. Mr. Wiseman was neither a federal officer nor a party or witness in a federal proceeding; therefore 42 U.S.C. § 1985(1) and (2) do not apply. *See Canlis v. San Joaquin Sheriff's Posse Comitatus,* 641 F.2d 711, 717 (9th Cir.1981); *Portman v. County of Santa Clara,* 995 F.2d 898, 909 (9th Cir. 1993). Nor have the Wisemans shown that the defendants conspired to deprive them of their constitutional rights because of class-based, invidious animus, as is required for a violation of 42 U.S.C. § 1985(3). *See Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir.1992).

■■■ The record does not support a § 1983 claim against appellee MacIntyre because the Wisemans failed to identify a federal right violated by MacIntyre, and the Wisemans also failed to discuss MacIntyre in their opening brief. *See Panatronic USA v. AT&T Corp.,* 287 F.3d 840, 844 (9th Cir.2002). Since the § 1983 claims against Washoe County and the Vistar de-

fendants depend on the claim against MacIntyre, there is no basis to disturb the judgment in favor of these appellees.

Finally, without any viable federal cause of action, the district court also properly dismissed the pendent state law claims. *See Brady v. Brown,* 51 F.3d 810, 816 (9th Cir.1995). We accordingly AFFIRM the district court's judgment in Appeal No. 00–15850.

■■■ The award of attorney's fees and punitive costs under 42 U.S.C. § 1988 was appropriate only if the case was so lacking in merit as to be "frivolous, unreasonable, or without foundation." *Summers v. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir.1997). The Wisemans' § 1983 claim alleging violation of their right to the free exercise of religion under the First Amendment, though ultimately unsuccessful, was not frivolous. The Wisemans alleged that MacIntyre required Mr. Wiseman to attend Vistar in order to inculcate MacIntyre's religious beliefs. Since MacIntyre was the County manager, he was vested with ultimate policymaking authority so that the § 1983 claim against the County also was not frivolous. *See Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). The § 1983 claim against the Vistar defendants was not frivolous insofar as the Wisemans sought to show that the County and Vistar conspired to impose religious views on Mr. Wiseman through the Vistar training program. *See Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 783 (9th Cir.2001).

Because a district court can award attorney's fees and costs to a prevailing defendant under 42 U.S.C. § 1988 "only" when the action is "frivolous, unreasonable, or without foundation," *Maag v. Wessler,* 993 F.2d 718, 719 (9th Cir.1993), we REVERSE the fee awards in Appeal Nos. 01–15825 and 01–17404. We also VACATE and REMAND the cost award in Appeal

No. 01–15825. On remand, the district court may not award costs against the Wisemans on the basis of § 1988. The district court in its discretion, however, may tax costs against the Wisemans in accordance with 28 U.S.C. § 1920. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1060–61 (9th Cir.2001) (discussing scope of costs available under § 1920); *see also Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079–80 (9th Cir.1999) (holding that district court should consider the plaintiff's financial resources and the possible chilling effect of imposing costs on future civil rights litigants when exercising discretion to award costs against losing civil rights plaintiff). Each side shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.