**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WAYNE ROMANS,

               Plaintiff - Appellant,

   v.

INCLINE VILLAGE GENERAL
IMPROVEMENT DISTRICT,

               Defendant - Appellee.

No. 11-17153

D.C. No. 3:10-cv-00403-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Wayne Romans appeals from the district court's judgment dismissing his

action alleging violations of the Americans with Disabilities Act and Arizona state

law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

discretion the district court's application of laches. *Grupo Gigante SA De CV v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Dallo & Co.*, 391 F.3d 1088, 1101 (9th Cir. 2004). We reverse and remand.

The district court abused its discretion by sua sponte dismissing the action based on laches because, at this point in the proceedings, the record is insufficient to determine whether Romans received a valid right-to-sue letter from the Nevada Employment Rights Commission giving him notice of his deadline to file suit, whether Romans delayed filing his suit, and whether defendant was prejudiced. *See Brown v. Cont'l Can Co.*, 765 F.2d 810, 814-15 (9th Cir. 1985) (laches not available as a matter of law where material disputes exist as to whether plaintiff delayed seeking a right-to-sue letter or filing suit, and not applicable unless defendant was prejudiced); *cf. Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958-60 & n.3 (9th Cir. 1979) (applying laches at summary judgment where plaintiff's seven-year delay in seeking right-to-sue letter caused defendant actual prejudice).

Accordingly, we remand for further proceedings.

Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**