**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WAYNE ROMANS,

        Plaintiff-Appellant,

v.

INCLINE VILLAGE GENERAL
IMPROVEMENT DISTRICT,

        Defendant-Appellee.

No.   14-16590

D.C. No.
3:10-cv-00403-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 5, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

The district court did not abuse its discretion in concluding that Wayne Romans was barred by laches from seeking relief under the Americans with Disabilities Act ("ADA") against Incline Village General Improvement District ("IVGID").[1]  Because none of the district court's conclusions were "[1] illogical, [2] implausible, or [3] without support in inferences that may be drawn from the

---

[1] Because Romans did not receive a right to sue letter, the ninety-day statute of limitations was never triggered.  *See* 42 U.S.C. § 2000e-5(f)(1); *Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549-50 (9th Cir. 1981).  Nevada is a "deferral state," meanign it has a "state agency [, the Nevada Equal Rights Commission's ("NERC"),] that enforces its own discrimination laws." *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999).  Therefore, Romans filed his complaint with NERC, rather than the federal  Equal Employment Opportunity Commission ("EEOC").  *See* 29 U.S.C. § 633; 42 U.S.C. § 2000-e5(e)(1).

NERC does not seem to comply with the requirements of the federal system. In this case, NERC seemingly did not relay Romans's complaint to the EEOC, despite NERC's stated policy that "[a]ll employment cases with federal jurisdiction are dual-filed with NERC and with the federal [EEOC]," and its directive that aggrieved employees "DO NOT need to file a separate complaint with EEOC." Nevada Equal Rights Commission, Fact Sheet & Frequently Asked Questions, http://www.nvdetr.org/nerc/FactSheet.PDF (last visited July 14, 2016).  Because of NERC's failure to relay Romans's claim to the EEOC, the EEOC never issued a right to sue letter.  Further, unlike the EEOC, NERC does not provide a "right to sue letter." *See id.* ("There is no State Right to Sue letter. . . .  No State Right to Sue will be issued.").  According to the NERC website, once a case is administratively closed, an applicant can request a "Right to Sue" letter from the EEOC, or he or she "may use [the] closure letter to file into state court, illustrating that [he or she] exhausted all [his or her] administrative remedies." *Id.*  NERC's failure to follow its own policies and its refusal to issue right to sue letters creates ambiguity with regard to when complaints must be filed in federal court.

2

facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), we affirm.

"Under laches . . . '[IVGID] first must make a prima facie showing of prejudice[.] If [it] meets that burden, the burden of production of evidence then shifts to [Romans] to show either that [IVGID] actually was not prejudiced or that [he] exercised reasonable diligence in filing the claim." *United States v. Riedl*, 496 F.3d 1003, 1008 (9th Cir. 2007) (quoting *Telink, Inc. v. United States*, 24 F.3d 42, 47 (9th Cir. 1994)). IVGID made a prima facie showing that it was prejudiced as a result of Romans's delay. Therefore, Romans has the burden to show that either he exercised reasonable diligence in filing his complaint or IVGID was not prejudiced. *See id.* The district court's discretionary conclusions that Romans's delay was both unreasonable and prejudicial to IVGID are supported in the record.

Romans failed to meet his burden of proof that the delay in filing the lawsuit was reasonable. *See id.* The unreasonable delay "element of laches is . . . satisfied," when plaintiff "has offered no viable justification for the delay." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001). In February 2009, NERC conducted a telephone interview with Romans, informing Romans that he had no viable employment claims. NERC sent a follow-up letter memorializing the conversation. NERC concluded that Romans's claims were (1) untimely

3

because they were outside of the 300-day window or (2) outside the jurisdiction of NERC because they were worker's compensation claims. The NERC letter advised Romans to consult an attorney and also stated that he had exhausted his claims before the agency, yet Romans failed to act for sixteen months. Romans has provided no explanation whatever as to why he failed to file his claim for sixteen months; he only asserts that he timely filed his claim within the statute of limitations. Thus, it is not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record," *Hinkson*, 585 F.3d at 1263, that Romans failed to show that he exercised reasonable diligence in filing his claim.

Although the issue is closer, the district court also did not abuse its discretion in determining that Romans failed to meet his burden of proof to show that IVGID was not prejudiced by the delay. *See Riedl*, 496 F.3d at 1008; *see also Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979) ("The bare fact of delay creates a rebuttable presumption of prejudice." (citation omitted)). "The prejudice that the doctrine of laches is designed to prevent occurs when a defendant, by reason of a plaintiff's delay, is or will be worse off than he would have been if the plaintiff had enforced his rights in a timely fashion." *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 696 (9th Cir. 1990); *see also Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1227 (9th Cir.

4

2012). "Courts have recognized two chief forms of prejudice in the laches context—evidentiary and expectations-based." *Danjaq*, 263 F.3d at 955. Here, the parties addressed only evidentiary prejudice, which "includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." *Id.* (citations omitted). The district court found that the "destruction of NERC records before [IVGID] had an opportunity to request them in discovery" was "critical to [IVGID's] defense on a dispositive issue, i.e., whether [Romans] filed his complaint with the NERC within 300 days of the last discriminatory act." IVGID's primary argument before the district court was that Romans did not exhaust his administrative remedies regarding the termination claim by filing a timely and sufficient charge relating to his termination. If Romans did not exhaust the ADA termination claim found in his complaint, the district court may not consider the claim. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). As a result of this possible loss of evidence, the district court's conclusion that the physical file, if any, or timely testimony from the agency intake interviewer would have been beneficial to IVGID in mounting a defense against Romans's ADA claim was not "illogical, implausible, or without support in

5

inferences that may be drawn from the facts in the record."[2]  *Hinkson*, 585 F.3d at 1263.

**AFFIRMED.**

---

[2] Although we are left to speculate as to what documents the physical file contained and whether Romans asserted the present ADA failure to accommodate claim, we know that NERC's remaining documents only referred to a hostile work environment between June 2006 and July 2007 and non-jurisdictional worker's compensation claims.  The district court's conclusion that the destroyed record likely contained dates and alleged discriminatory acts is not an unreasonable assumption.