**Marlon Louis FOWLER, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

**v.**

**BLUE BELL, INC., a corporation, et al., Defendants-Appellees.**

**No. 77–1179.**

United States Court of Appeals, Fifth Circuit.

June 15, 1979.

Rehearing and Rehearing En Banc Denied Aug. 9, 1979.

William H. Ng, Atty., E.E.O.C., Washington, D. C., amicus curiae.

Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiffs-appellants.

Charles A. Powell, III, Birmingham, Ala., W. T. Cranfill, Jr., Whiteford S. Blakeney, Charlotte, N. C., Richard Moore Warren, Secretary & Gen. Counsel, Blue Bell, Inc., Greensboro, N. C., for defendants-appellees.

Before THORNBERRY, GODBOLD and HILL, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a Title VII case. The district court granted summary judgment in favor of defendant after finding that laches barred plaintiff's claim. *Fowler v. Blue Bell, Inc.* 14 F.E.P. Cases (BNA) 1009 (N.D. Ala.1976). We reverse.

Plaintiff Fowler applied for a job with defendant Blue Bell, Inc. in March and again in November, 1970. Defendant did not hire him. Fowler then filed a charge with the EEOC in December, 1970, alleging that Blue Bell had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by refusing to hire him because of his race. The EEOC notified Blue Bell of the charge in July, 1971, and served its Field Director's Findings of Fact on the company in December, 1971. Blue Bell entered exceptions to these findings, but in June, 1972, the EEOC informed Blue Bell that the exceptions were "non-meritorious." At the invitation of the EEOC, *Blue Bell* agreed to participate in settlement discussions. Fowler, however, refused to participate. In July, 1972, the EEOC's Birmingham district office informed Blue Bell that Fowler "declined the Director's invitation to engage in settlement discussions. Accordingly, this office is forwarding the full investigation file to the Commission for determination as to reasonable cause. As soon as the determination is made, you will be notified." One year after it received this letter, having heard nothing else from the EEOC or Fowler, Blue Bell concluded "that the entire matter had been closed administratively by the EEOC" and destroyed all records relevant to Fowler's claim. Affidavit of Richard M. Warren, General Counsel to Blue Bell, Inc. The EEOC had not terminated its consideration, however, and issued a determination of reasonable cause in March, 1975. After further correspondence between the EEOC and Blue Bell, the EEOC decided not to file a civil action itself. It informed both Fowler and Blue Bell of this decision and sent Fowler a Notice of Right-to-Sue in January, 1976. Fowler filed this suit in March, 1976, within 90 days of receiving the EEOC Notice.

In *Bernard v. Gulf Oil, Inc.,* 596 F.2d 1249 (5 Cir. 1979), also decided today, we recognize that laches may apply to Title VII suits brought by private plaintiffs if the evidence indicates both that the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendants. *Id.* at 1256. As in *Bernard,* we hold that the evidence before the court on this summary judgment does not allow a finding that either of these elements exists.

Blue Bell argues that this conclusion is improper. First, it asserts that after it presented affidavits in support of its summary judgment motion, Fowler had the duty of submitting contrary evidence in order to raise an issue of fact. Blue Bell argues that since its affidavits alleged delay and prejudice and Fowler failed to dispute these allegations the summary judgment was proper. This argument is without merit. Fowler does not dispute that more than five years lapsed between the filing of his charge with the EEOC and the commencement of this suit. Nor does he disagree

with Blue Bell's contention that it has lost personnel and destroyed records that would be helpful in deciding Fowler's claim. Fowler's argument is that these facts do not permit a finding of laches in this case. Therefore, his failure to submit controverting evidence to the trial court is irrelevant.

■ Blue Bell also argues that the district court's ruling was correct on the merits. It asserts that Fowler delayed inexcusably because he could have initiated this suit 60 days after filing the EEOC charge rather than waiting for five years while the EEOC investigated the claim. Although the EEOC regulations in 1970 did allow the claimant to withdraw his charge from the EEOC and file a private suit 60 days after he filed the charge, 35 Fed.Reg. 10006 (June 18, 1970) (currently at 29 C.F.R. 1601.25b(c) (1977)), this provision did not require Fowler to file suit at that time. As we noted in *Bernard,* 596 F.2d at 1256, the legislatively and judicially favored method of resolving Title VII claims is through the EEOC administrative process. Therefore, we should not penalize a claimant for awaiting the end of that process. Blue Bell argues, however, that this analysis is not applicable to the present case because Fowler's refusal to participate in settlement negotiations in July, 1972, was an abandonment of the EEOC and proved that he no longer wished to rely on the normal administrative process. This conclusion is also incorrect. EEOC regulations provide that after the field director issues findings of fact, the EEOC may invite the parties to engage in settlement discussions. 35 Fed.Reg. 3163 (Feb. 19, 1970) (currently at 29 C.F.R. 1601.-19a (1977)). Those regulations also recognize, however, that the parties may not wish to entertain settlement at that time and provides that the Commission may take further action as it deems necessary. In the present case, when Fowler refused to entertain settlement the EEOC informed Blue Bell that "this office is forwarding the full investigation file to the Commission for determination as to reasonable cause." Thus, it is clear that the EEOC did not consider Fowler's refusal to engage in predetermination settlement an abandonment

of the EEOC process. In fact, Fowler's refusal to deal directly with Blue Bell merely allowed the EEOC to complete its normal investigation and conciliation procedures. Therefore, the mere fact that Fowler refused to postpone the EEOC's efforts in his behalf cannot support a finding that he was not entitled to await the completion of those efforts. Fowler's delay was therefore reasonable.

The Supreme Court's language in *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), supports this conclusion. The Court stated:

It is, of course, possible that . . . a defendant in a Title VII enforcement action might still be significantly handicapped in making his defense because of an inordinate EEOC delay in filing the action after exhausting its conciliation efforts. If such cases arise the federal courts do not lack the power to provide relief.

This language implies that, although the doctrine of laches may be available in some cases to bar the EEOC from bringing suit, this bar arises only if the EEOC has delayed unreasonably *after* it has completed conciliation efforts. We can perceive no reason to require private plaintiffs to file suit before the EEOC completes conciliation efforts if the EEOC itself is not so constrained. In this case, the delay of which Blue Bell complains occurred *before* the EEOC ended its conciliation efforts, because Fowler filed suit only 90 days after that date.

■ Blue Bell's contention that Fowler's delay seriously prejudiced its defense of the case is also without merit. Blue Bell asserts two sources of prejudice. First, it argues that the testimony of several past personnel and plant managers is essential to Blue Bell's defense of the case and that these managers are no longer employed by Blue Bell. The mere assertion that these persons are not presently with the company is insufficient to support a finding of prejudice. Blue Bell must also show that they are unavailable to testify. *Akers v. State*

**1280**

Marine Lines, Inc., 344 F.2d 217, 221 (5 Cir. 1965). Blue Bell does allege that the personnel manager at the time Fowler filed his complaint is now unavailable. The primary reason Blue Bell alleges that this individual's personal testimony is necessary, however, is that he was the custodian of records relevant to Fowler's charge and Blue Bell has since destroyed those records. Blue Bell knew of Fowler's charge soon after it was filed. In July, 1972, the EEOC informed Blue Bell that it was considering Fowler's charge for a determination as to reasonable cause and told Blue Bell: "As soon as the determination is made, you will be notified." Despite this explicit statement, and without asking the EEOC about the status of the charge, Blue Bell concluded in 1973 that the EEOC was no longer pursuing Fowler's claim and destroyed all records relevant to the claim. Blue Bell's destruction of these records violated clear EEOC regulations. 31 Fed.Reg. 2833 (Feb. 17, 1966) (currently at 29 C.F.R. 1602.14 (1977)). Thus, any prejudice to Blue Bell was the result of its own negligence and disregard of administrative regulations rather than Fowler's delay. *Bernard* at 1256.

■ We conclude that the facts adduced on Blue Bell's summary judgment motion do not allow findings of either unreasonable delay by Fowler or undue prejudice to Blue Bell. Therefore, the district court's finding that laches bars Fowler's claim was an abuse of its discretion to locate a just result. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975).

The judgment of the district court is REVERSED and the case REMANDED.