19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alicia ZUREK, Plaintiff-Appellant,
v.
MARSHALL FIELD & COMPANY, Defendant-Appellee.
 No. 93-2390.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 26, 1994.
Decided March 8, 1994.
 
 Before ESCHBACH, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Alicia Zurek appeals the district court's grant of summary judgment to Marshall Field & Company ("Marshall Field's") on her claim of sexual harassment and wrongful discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. We affirm.
 
 I. Background
 
 2
 Zurek was discharged from her position of staff assistant in the credit union of Marshall Field's on November 21, 1985. On April 18, 1986, Zurek filed a charge of discrimination with the Department of Human Rights of the State of Illinois ("DHR") and the Equal Employment Opportunity Commission ("EEOC"). Zurek alleged that she was sexually harassed by her supervisor, Gerald Chartier, and that she was discharged because of her resistance to Chartier's sexual advances.
 
 
 3
 On June 4, 1986, Zurek, represented by her present counsel, filed a complaint in the Circuit Court of Cook County against Marshall Field's, the credit union, and various employees, including Chartier. Zurek amended her complaint on August 8, 1988, alleging that Marshall Field's breached her employment contract, and that Chartier and Lois Wagner, a member of the board of the credit union, tortiously interfered with that contract. Chartier died on January 10, 1990.
 
 
 4
 The circuit court granted summary judgment to all defendants on February 6, 1990. The DHR dismissed Zurek's discrimination charge on May 14, 1991, for lack of substantial evidence, and the Human Rights Commission of the State of Illinois affirmed.[1] On October 4, 1991, the EEOC determined that Marshall Field's did not discriminate or sexually harass Zurek, and issued her a right-to-sue letter.
 
 
 5
 On January 2, 1992, over six years after her discharge, Zurek filed this suit in the district court.[2] Zurek alleged that she was sexually harassed during her employment with Marshall Field's, and that she was discharged from her position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Zurek also alleged that Marshall Field's violated the Illinois Human Rights Act ("IHRA"), 775 ILCS Sec. 5/1-101 et seq. Magistrate Judge Edward A. Bobrick recommended that summary judgment be granted to Marshall Field's on Zurek's Title VII claim, and that Zurek's state law claim be dismissed. The magistrate judge found that Zurek's Title VII claim was barred under the doctrine of laches, and that the district court consequently had no jurisdiction over Zurek's state law claim under the IHRA. After Zurek timely filed objections, the district court adopted the magistrate judge's report and recommendation in its entirety.
 
 II. Analysis
 
 6
 The doctrine of laches may bar a discrimination claim under Title VII. Jeffries v. Chicago Transit Auth., 770 F.2d 676, 680-82 (7th Cir.1985), cert. denied, 475 U.S. 1050 (1986); see Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publishing Co., 839 F.2d 1147, 1151-53 (6th Cir.) (en banc) (collecting cases), cert. denied, 488 U.S. 899 (1988). Marshall Field's has the burden of proving that laches bars Zurek's claim. Jeffries, 770 F.2d at 679. In order to establish laches, Marshall Field's must demonstrate (1) lack of diligence by Zurek in filing the lawsuit; and (2) material prejudice to Marshall Field's. Id.; Cannon v. University of Health Sciences/The Chicago Medical School, 710 F.2d 351, 359 (7th Cir.1983). "In a case such as this, in which there is no dispute as to the material facts, the district court's decision that laches bars the action is subject to review by the abuse of discretion standard." Cannon, 710 F.2d at 359; accord Jeffries, 770 F.2d at 681.
 
 A. Lack of Diligence by Zurek
 
 7
 Zurek's lack of diligence in filing the lawsuit is established if the delay between the date of the alleged unlawful act and the date that the lawsuit was filed was both unreasonable and inexcusable. Jeffries, 770 F.2d at 679; Cannon, 710 F.2d at 359. The district court did not abuse its discretion in determining that Zurek's delay satisfied both of these requirements.
 
 
 8
 The delay of six years and one month between the date Zurek was discharged and the date she filed suit was clearly unreasonable. Cannon, 710 F.2d at 360. In Cannon, we held that delays ranging from three years and eight months to almost five years between the dates of the alleged sex discrimination and the dates the plaintiff filed suit against the defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. Sec. 1681 et seq., were unreasonable. Id.; accord EEOC v. Massey-Ferguson, Inc., 622 F.2d 271, 278 (7th Cir.1980) (delay of four years and nine months between the filing of a charge with the EEOC and the filing of a complaint by the EEOC was unreasonable); cf. Jeffries, 770 F.2d at 680 (holding that a delay of ten years was "manifestly unreasonable"). Zurek's delay was unreasonable since it was within the range of delays found to be unreasonable in our cases.
 
 
 9
 Zurek's delay also was inexcusable under Jeffries. Zurek asserts that the delay was excusable because she relied on the EEOC's administrative process to resolve her Title VII claim. Zurek is correct that the "legislatively and judicially favored method of resolving Title VII claims is through the EEOC administrative process." Jeffries, 770 F.2d at 681 (citation omitted). However, this federal policy does not provide a plaintiff with "an absolute right to await termination of EEOC proceedings" prior to filing suit in federal district court. Id. Indeed, in Jeffries, we expressly rejected an argument identical to Zurek's, stating that reliance on the administrative process could not excuse the plaintiff's ten-year delay in filing suit. Id. at 680.
 
 
 10
 The delay in this case is even more inexcusable than the delay in Jeffries. Unlike the plaintiff in Jeffries, Zurek was represented by counsel (the same counsel representing her in this court) within two months of the date she filed her claim with the EEOC. Id. at 679. Zurek's counsel should have known that she could have requested a right-to-sue letter from the EEOC 180 days after filing the charge, and then filed suit herself in federal district court. 42 U.S.C. Sec. 2000e-5(f)(1); Occidental Life Ins. Co. of California v. EEOC, 432 U.S. 355, 361 (1977). Zurek's counsel should also have recognized that our decision in Jeffries, which was decided just three months prior to her discharge by Marshall Field's, was directly applicable to her Title VII claim in federal court if she chose to rely exclusively on the EEOC administrative process to resolve the claim.
 
 
 11
 Zurek's attempt to distinguish the facts of this case from Jeffries with respect to her pursuit of the claim before the EEOC is unpersuasive. The record contains no evidence of any interest by Zurek in the EEOC administrative proceedings.[3] Like the plaintiff in Jeffries, Zurek neither initiated contact with the EEOC during the pendency of the EEOC administrative proceedings, nor took any other action during this period other than wait for resolution of her claim by the EEOC. Jeffries, 770 F.2d at 680. It should have been apparent to Zurek long before January 2, 1992, the date this suit was filed, that no administrative enforcement of her claim by the EEOC was imminent. See Cannon, 710 F.2d at 360.
 
 
 12
 Zurek also attempts to distinguish this case from Jeffries by asserting that, unlike the plaintiff in Jeffries, she "actively pursued" her claim by filing a complaint in the Circuit Court of Cook County against Marshall Field's prior to the EEOC's resolution of the claim. Cf. Jeffries, 770 F.2d at 680. We do not agree. A plaintiff "actively pursues" a Title VII claim by filing a complaint in federal or state court alleging a violation of Title VII (which Zurek did only after over six years had passed since her discharge), not by filing a complaint alleging violations of state contract and tort law. 42 U.S.C. Sec. 2000e-5(f)(1); see Occidental, 432 U.S. at 361. Zurek's state law complaint made no reference to Title VII. Thus Zurek cannot be said to have "actively pursued" her Title VII claim until over six years after her discharge by Marshall Field's.
 
 
 13
 In our view, Zurek's decision to file a complaint in the circuit court was a deliberate choice of a state court forum to adjudicate state law claims rather than a Title VII claim. The key factual allegations with respect to her Title VII claim and her state law claims were identical. Zurek actively engaged in discovery in the state court proceedings, and aggressively pursued her claim with the DHR, while allowing her Title VII claim to lay dormant with the EEOC. It would have made more sense for Zurek to have pursued her Title VII claim at the same time, since discovery and other pretrial proceedings with respect to each claim would have overlapped. It would also have been more judicially efficient if Zurek had filed suit in federal district court after requesting a right-to-sue letter from the EEOC because both her Title VII claim and her state law claims could have been adjudicated in a single forum. United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966); see 28 U.S.C. Sec. 1367(a). Although we conclude that her Title VII claim is barred in federal court under the doctrine of laches, Zurek cannot be said to have been deprived of her day in court with respect to her allegations of sexual harassment and wrongful discharge.
 
 B. Material Prejudice to Marshall Field's
 
 14
 To establish material prejudice by Zurek's delay in filing this lawsuit, Marshall Field's must demonstrate "some prejudicial 'change in the condition or relations of ... the parties.' " Cannon, 710 F.2d 362 (quoting Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946)). Marshall Field's need not necessarily demonstrate that it is unable to conduct its defense as a result of the delay, however. Id. Further, "[t]he longer the delay, the less prejudice defendant must establish." Jeffries, 770 F.2d at 680 (citation omitted). The district court did not abuse its discretion in determining that Marshall Field's suffered material prejudice by Zurek's six-year, one-month delay in filing suit.
 
 
 15
 Gerald Chartier, Zurek's supervisor at the credit union who allegedly sexually harassed her, died on January 10, 1990. Zurek's complaint alleges that all of the unlawful acts, with the exception of her discharge, were committed by her "immediate male supervisor," Chartier. Chartier's death thus severely undermines Marshall Field's ability to defend the Title VII claim.
 
 
 16
 Zurek asserts that Marshall Field's has not suffered material prejudice because Chartier's sworn testimony is preserved in the form of a deposition taken during the litigation in the circuit court. We do not agree. Assuming that Chartier would deny Zurek's allegations, Chartier's death deprives a jury of the opportunity to evaluate the credibility of Marshall Field's key witness. Further, the deposition was taken by Zurek in the context of her state law claims under contract and tort law. Although the key factual allegations with respect to these claims and her Title VII claim are identical, it is highly unlikely that a discovery deposition taken by the plaintiff's attorney preserved all of Chartier's testimony that would be necessary to adjudicate the Title VII claim.
 
 
 17
 Zurek does not dispute that two other potential witnesses, Diana Ruiz, who worked in the credit union with Zurek and Chartier, and Lois Wagner, a member of the board of the credit union, have left their employment with Marshall Field's. The unavailability of former employees such as Ruiz and Wagner is not required to establish material prejudice. Jeffries, 770 F.2d at 680-81. Rather, simply facing "the hardship of locating the former employees and procuring their testimony" is sufficient. Id. at 681 (citation omitted). Marshall Field's has shown such hardship. See also Fed.R.Civ.P. 45(c)(3)(A)(ii) (requiring a district court to quash or modify a subpoena if it requires a person from outside the state "who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person....").
 
 
 18
 Marshall Field's also asserts that it has been unable to locate with certainty its records relating to this case, other than the documents relating to Zurek's state court lawsuit. Zurek contests this assertion in conclusive fashion without any evidentiary support. "[T]he loss of evidence diminishing the defendant's chances of success at trial" is relevant to establishing material prejudice. Zelazny v. Lyng, 853 F.2d 540, 543 (7th Cir.1988). Zurek also argues that Marshall Field's had notice of her Title VII claim ten days after it was filed in April 1986. However, we have interpreted the regulation applicable to the maintenance of employment records in discrimination cases, 29 C.F.R. Sec. 1602.14, as not requiring employers to maintain employment records indefinitely after a charge has been filed with the EEOC. Jeffries, 770 F.2d at 681.
 
 
 19
 We conclude that the district court did not abuse its discretion in determining that Marshall Field's has suffered material prejudice as a result of Zurek's six-year, one-month delay in filing suit. The district court also did not abuse its discretion in concluding the delay in filing suit was both unreasonable and inexcusable. Zurek's Title VII claim therefore is barred under the doctrine of laches.[4]
 
 III. Conclusion
 
 20
 For the foregoing reasons, we AFFIRM the judgment of the district court granting summary judgment to Marshall Field's on Zurek's Title VII claim.
 
 
 21
 AFFIRMED.
 
 
 22
 RIPPLE, Circuit Judge, concurring.
 
 
 23
 I concur in the result.
 
 
 
 [1]
 Zurek has appealed the decision of the Human Rights Commission by filing a petition for review in the Appellate Court of Illinois
 
 
 [2]
 Zurek's complaint was filed within ninety days of the issuance of the right-to-sue letter by the EEOC and thus was timely. 42 U.S.C. Sec. 2000e-5(f)(1)
 
 
 [3]
 Zurek asserts that she actively pursued her discrimination claim with the DHR during the pendency of the DHR's administrative proceedings. Although there is evidence in the record to support this assertion, those proceedings only related to Zurek's claim that Marshall Field's violated the IHRA, not Title VII. Zurek's efforts to pursue her state-law claim before the DHR are irrelevant to whether she actively pursued her Title VII claim, because the EEOC is the sole administrative agency with authority to investigate charges of unlawful employment practices under Title VII. 42 U.S.C. Sec. 2000e-5(b)
 
 
 [4]
 We note that there is a serious question whether Zurek's Title VII claim is also barred under the doctrine of res judicata. See Hermann v. Cencom Cable Assoc., Inc., 999 F.2d, 223, 226-27 (7th Cir.1993); Lolling v. Patterson, 966 F.2d 230, 235 (7th Cir.1992); Smith v. Chicago, 820 F.2d 916, 920 (7th Cir.1987). The district court granted summary judgment to Marshall Field's solely on the ground of laches, and Marshall Field's has not briefed the res judicata issue on appeal. Therefore, we decline to consider whether the claim is barred by res judicata. Cannon v. Teamsters & Chauffeurs Union, Local 627, 657 F.2d 173, 177 (7th Cir.1981) (declining to consider an issue not argued in the plaintiff's brief on appeal and raised for the first time at oral argument)