**ORDERED** that defendant Ann Abramson's motion to sever is **DENIED.**

**Hayse I. HENDERSON**

v.

**ANNE ARUNDEL COUNTY BOARD OF EDUCATION, County Executive and County Commissioners of Anne Arundel County.**

No. Civ.S 98–2390.

United States District Court, D. Maryland.

Oct. 14, 1998.

Norris C. Ramsey, Baltimore, MD, for Plaintiff.

Kimberly Hale Carney, Anne Arundel County Office of Law, Annapolis, MD, William D. Evans, Jr., Asst. County Atty., Annapolis, MD, for Defendants.

### MEMORANDUM AND ORDER

SMALKIN, District Judge.

This matter is before the Court on the defendants' motion to dismiss the amended complaint, as to which no oral hearing is needed. Local Rule 105.6, D.Md.

The plaintiff agrees that the motion has merit insofar as only the Anne Arundel County Board of Education is a proper

defendant, and insofar as punitive damages are barred as to all claims.

The defendants' principal arguments in favor of dismissal, however, are opposed by the plaintiff.

■ Defendants first urge that the Title VII claim must be dismissed because the plaintiff has not alleged receipt of a right-to-sue notice from the EEOC, citing *Long v. Ringling Bros.—Barnum & Bailey,* 9 F.3d 340, 342 (4th Cir.1993). The Fourth Circuit, however, has, in previous opinions, addressed the same statute in different ways. In *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091 (4th Cir.1982), the Fourth Circuit, despite the plain words of the statute, held that it is not the receipt of a notice of right to sue, but simply an entitlement thereto, that satisfies the statutory prerequisite for a Title VII suit. (Chief Judge Winter and Judge Butzner reached that result in the panel majority opinion, from which Judge Widener dissented.) *Long* does not address *Perdue* directly or indirectly, nor is its narrow holding inconsistent with *Perdue.* Because neither another panel of the Fourth Circuit nor this Court can overrule Fourth Circuit precedent, this Court is bound by *Perdue* to hold that plaintiff satisfied the jurisdictional prerequisites involving a right-to-sue letter.

■ Defendants' second argument in favor of dismissal of Count I is, however, both persuasive and dispositive. Laches is a defense that can be raised in a Title VII case where there has been an unreasonable delay on the part of a private plaintiff and its undue prejudice to the defendant.

■ Obviously, a period of over 20 years following an act of discrimination is an unreasonable period of delay. The question of prejudice is also resolved readily in favor of the defendants. Not only are many witnesses virtually impossible to locate after 20 years, but their memories are obviously affected by the passage of time, especially in a case such as this, where there was not a starting episode that en-graved itself on the minds of witnesses, as would be the case had they seen a grisly murder 20 years ago. Other reported cases have recognized that, in such circumstances, the Court may hold as a matter of law that the action is barred by laches. *See, e.g., Jeffries v. Chicago Transit Auth.,* 770 F.2d 676 (7th Cir.1985), *cert. denied,* 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). Certainly, the plaintiff has shown absolutely no excuse for his 20–year delay in pursuing this matter. Furthermore, there is no indication that the EEOC was actively pursuing the claim on plaintiff's behalf for the past 20 years. See *Jeffries,* 770 F.2d at 678–81. Under these circumstances, the Court may properly hold as a matter of law that Count I of the amended complaint is irretrievably, time-barred *Id.*

To recapitulate, the defendants' motion to dismiss is granted as to Count I of the amended complaint, all defendants, except Anne Arundel County Board of Education, are dismissed, and all claims for punitive damages are also dismissed.