# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-1076

REBECCA C. SMITH,

*Plaintiff-Appellant,*

v.

CATERPILLAR, INC.,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 C 1254—**Michael M. Mihm**, *Judge.*

———————

ARGUED MAY 30, 2002—DECIDED JULY 31, 2003

———————

Before FLAUM, *Chief Judge*, and HARLINGTON WOOD, JR.,
and MANION, *Circuit Judges.*

FLAUM, *Chief Judge.* In August 1999 Rebecca Smith
charged her former employer, Caterpillar, Inc., with gender
discrimination and retaliation in violation of Title VII, 42
U.S.C. § 2000e *et seq.* Smith's allegations arise from conduct
that occurred in 1991 during her 60-day probationary
employment with Caterpillar as a fire inspector trainee.
After twice denying Caterpillar's motion for summary
judgment, the district court granted its motion for recon-
sideration, finding that Caterpillar had presented a valid
laches defense to Smith's charges. Smith moved for recon-
sideration, was denied, and now appeals. We affirm.

## I. BACKGROUND

Rebecca Smith began working as a fire inspector at Caterpillar's East Peoria, Illinois, facility on January 6, 1991. Under the applicable collective bargaining agreement, the first 60 days of her employment were probationary. During this time Smith received training and supervision from a number of the company's more experienced fire inspectors. On two different occasions during her probationary period Smith's training coordinator, Gary Shilling, evaluated her performance and reported deficiencies to the department's chief inspector, Ralph Allsop. After 60 days, on March 7, 1991, Allsop fired Smith for unsatisfactory performance. Caterpillar's East Peoria Facility personnel services director, Robert Buchanan, approved Smith's termination.

On March 20, 1991, Smith filed gender discrimination charges with the Illinois Department of Human Rights ("IDHR"), which were cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Instead of seeking a right-to-sue letter from the EEOC, which Smith could have requested from the federal agency 180 days after filing her charges, Smith chose instead to pursue her claims through the Illinois state administrative process. IDHR investigated Smith's charges and twice issued findings of lack of substantial evidence for her gender discrimination and sexual harassment claims. Smith sought review of IDHR's findings with the Illinois Human Rights Commission ("IHRC"), and IDHR ultimately issued findings of substantial evidence for Smith's charges on August 16, 1996. Smith then filed a formal complaint with IHRC and the parties commenced discovery. In January 1998, two days before her scheduled evidentiary hearing with IHRC, Smith moved to dismiss her state claims, stating that she planned to obtain a right-to-sue letter from the EEOC and pursue her claims in federal court.

Though Smith asserts that she requested a right-to-sue letter from the EEOC in January 1998, the EEOC took no

action and Smith made no effort to follow-up on her request for more than one year. In May 1999 Smith submitted a second request and the EEOC issued her a right-to-sue letter on May 19, 1999. On August 17, 1999, when her 90-day period for bringing suit had nearly expired, Smith filed a complaint in federal court, charging Caterpillar with gender discrimination and retaliation in violation of Title VII. Caterpillar filed its first motion for summary judgment, raising the defense of laches as a bar to Smith's claims. Caterpillar claimed that it had suffered prejudice from Smith's delay in filing her lawsuit because witnesses' memories had faded, records had been destroyed, and the company had been exposed to disproportionate years of back pay. The district court initially found no material prejudice to Caterpillar, though it found Smith's nearly eight and one-half year delay in bringing suit inexcusable, and gave Caterpillar leave to refile its summary judgment motion upon presentation of new evidence of prejudice.

Caterpillar next filed its second motion for summary judgment, asserting laches as a defense, reiterating its earlier arguments about prejudice, and submitting new evidence that key witnesses had died, retired, or moved out of state. The district court denied this motion as well, telling Caterpillar that it had to show not only that certain witnesses could not be located or were retired from the company, but also that they were unwilling to testify. Caterpillar then filed a motion to reconsider, submitting still more evidence of prejudice, such as affidavits of relevant witnesses verifying their faded memories and out-of-state residency and information concerning the missing or destroyed personnel records. This time, the district court granted Caterpillar's motion to reconsider, holding that the company had established a convincing laches defense which entitled it to summary judgment on Smith's claims. Smith filed a motion to reconsider of her own, which was denied by the district court, and she now appeals.

## II. DISCUSSION

The defense of laches bars an action when the plaintiff's delay in filing the claim (1) is unreasonable and inexcusable, and (2) materially prejudices the defendant. *Jeffries v. Chicago Transit Authority*, 770 F.2d 676, 679 (7th Cir. 1985); *Cook v. City of Chicago*, 192 F.3d 693, 695 (defining laches as "an unreasonable delay in pressing one's rights that prejudices the defendant"). Essentially the equitable substitute for a statute of limitations, laches serves to protect defendants from prejudice caused by stale evidence, prolonged uncertainty about legal rights and status, and unlimited exposure to liability damages. *See Cook*, 192 F.3d at 696. In this case Smith does not challenge the district court's determination that her eight and one-half year delay in filing her Title VII claim was unreasonable and inexcusable; however, she insists that laches cannot bar her claim because Caterpillar suffered no material prejudice as a result of her delay. Smith also argues that her case cannot be resolved on summary judgment because genuine issues of material fact exist surrounding both her termination and Caterpillar's laches defense. But while laches often involves questions of fact, *see Cook*, 192 F.3d at 696, it is nevertheless appropriate for summary judgment where, as here, the facts necessary for determining whether the defendant suffered material prejudice are not genuinely disputed, *Jeffries*, 770 F.2d at 679. Since the trial court enjoys considerable discretion in deciding whether to apply the equitable doctrine of laches in the first instance, we will not disturb the court's decision unless we discover an abuse of that discretion. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).[1]

---

[1] Of course, our review of the record for genuine issues of material fact related to Smith's Title VII claims remains *de novo* since this case comes to us on summary judgment; it is only the district

(continued...)

In this case the district court's ultimate decision to credit Caterpillar's laches defense and grant the company's summary judgment motion was not an abuse of discretion. The court cited several reasons for concluding that Caterpillar had been materially prejudiced by Smith's delay, most notably that: (1) the testimony of several pertinent witnesses would be difficult, if not impossible, for Caterpillar to procure; (2) the witnesses' memories have faded over the several years and they would be unable to recollect specific details of Smith's employment with Caterpillar; (3) the inadvertent loss, or even intentional destruction in the course of business, of relevant personnel documents relating to Smith's employment would seriously impair Caterpillar's ability to present a defense to Smith's claims; and (4) the exposure of Caterpillar to liability for back pay has accrued steadily during Smith's delay in filing her lawsuit. Before we look more closely at the district court's reasons, we note that in general the decision to apply the doctrine of laches lies on a sliding scale: the longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches. *Jeffries*, 770 F.2d at 680; *Hot Wax*, 191 F.3d at 361-62. Here, given Smith's inexcusable eight and one-half year delay, we recognize that Caterpillar need not present a mountain of evidence establishing prejudice in order to succeed on its laches defense. Still, at minimum we require a showing of prejudice that is material, meaning it affects the substantial rights of the defendant to such a degree that it justifies the equitable

---

[1] (...continued)
court's application of the laches defense that we review for abuse of discretion. *See Hot Wax*, 191 F.3d at 819; *Cook*, 192 F.3d at 696; *Cannon v. University of Health Sciences/The Chicago Medical School*, 710 F.2d 351, 359 (7th Cir. 1983).

relief of barring the plaintiff's claims. *See Jeffries*, 770 F.2d at 680 (requiring merely "some prejudicial change in the condition or regulations of the . . . parties" to establish material prejudice in private discrimination suit) (internal quotations omitted). Based on the record before us and in deference to the district court's decision to credit Caterpillar's laches defense, we are convinced that Caterpillar has produced enough evidence of material prejudice to bar Smith's Title VII claims against the company.

First, Caterpillar submits that several key employees—persons who participated directly in the hiring, supervising, training, and firing of Smith—are either deceased, out of the court's jurisdiction, or retired and out of contact with the company. Caterpillar maintains that Title VII cases are highly fact-dependent and that the credibility of pertinent witnesses is necessary to obtaining a favorable verdict. Although Smith argues that the unavailability of any particular witness is neither sufficient to establish prejudice nor the result of any delay on her part, the fact that Caterpillar "faces the hardship of locating the former employees and procuring their testimony" years after the company no longer has any reason to stay in contact with them demonstrates prejudice to Caterpillar. *Jeffries*, 770 F.2d at 681. In particular contention between the parties is the availability of Ralph Allsop, the principal decision-maker in Smith's termination. At the time of the district court's decision to grant summary judgment to Caterpillar, neither party had made contact with Allsop and both believed he was living with his son in Texas; subsequently, Smith located Allsop in a campground in East Peoria, Illinois. Smith argues that her ability to find Allsop within the jurisdiction means he is not unavailable as a witness, while Caterpillar maintains (by sworn declaration of Allsop) that Allsop's presence at the campground was temporary and that he intended to leave the state soon and had no plans to return. Interesting as this issue may be, we need

not resolve it, for the law does not require Caterpillar to prove the absolute unavailability of key witnesses as a prerequisite for laches. *Jeffries*, 770 F.2d at 681. The company has established that Allsop and other important witnesses are difficult, if not entirely impossible, to locate, and we believe that fact suggests material prejudice.

Second, Caterpillar argues that the memories of its key witnesses have faded so that they can no longer recall the relevant facts of Smith's employment. The company asserts that this loss of memory will significantly detract from their credibility as witnesses for the defense. We have said that in order to show prejudice from failed memories, a defendant must show both that the memories have faded and that the inability to recall information was caused by the plaintiff's delay. *EEOC v. Massey-Ferguson*, 622 F.2d 271, 275 (7th Cir. 1980). Smith contends that Caterpillar has not made a showing that her delay caused any loss of memory, but Caterpillar submitted the affidavits of four key witnesses who say they cannot now remember the specific details of Smith's employment with the company. Though Caterpillar has not proven that this loss of memory is due entirely to Smith's delay, we are confident that the passage of eight and one-half years is a contributing factor to their failed memories, particularly in light of the brief period of time (60 days) Smith worked at the company and the number of trainees (from 25 to hundreds) hired, supervised, and fired by these particular witnesses during their employment with Caterpillar.[2]

---

[2]  We pause to note that in making this determination we are not resolving any genuine issue of material fact with respect to the witnesses' actual memories or the content of their testimony; rather, we are deciding only that this particular factor, as one of several underlying the district court's decision to apply the doctrine of laches, has reasonable factual support in the record.

Third, Caterpillar admits that relevant performance reviews, as well as attendance records and materials from training seminars on sexual harassment, have been inadvertently lost or intentionally destroyed as part of routine record maintenance. Caterpillar claims that without this evidence its ability to present a defense to Smith's Title VII charges will be seriously compromised. As a matter of law, Caterpillar does not have an obligation to maintain its employee records indefinitely after the filing of a charge with the EEOC. *Jeffries*, 770 F.2d at 681. However, Smith argues that Caterpillar has not proven that it did not purposefully destroy these documents during the time it was required to keep them. As we found the case to be with the unavailability of certain key witnesses, we find that the passage of so many years due to Smith's delay in bringing charges undoubtedly contributed to the unavailability of critical physical evidence. Additionally, we find that the lack of both kinds of evidence hurts Caterpillar's ability to mount a defense and adds to the prejudice suffered by the company.

Finally, Caterpillar asserts that its potential liability for back pay has increased each day as this suit has lingered on. We have recognized that exposure to disproportionately high back pay due to plaintiff's delay is "the kind of palpable prejudice that . . . can justify a finding of laches." *Cook*, 192 F.3d at 696. Smith argues that this factor does not necessarily result in material prejudice because back pay is an equitable remedy within the discretion of the court. The district court acknowledges as much in its decision, stating that while "it would be within the Court's power to fashion some sort of equitable limitation on any back pay award to mitigate the effects of the delay, this possibility does not eliminate the availability of the laches defense." We not only agree with this particular point, but find that the district court's application of the doctrine of laches to this case was in no way an abuse of discretion. Moreover, our

conviction is bolstered, not weakened, by the fact that the district court twice denied Caterpillar's motion for summary judgment; to us this shows that the court's ultimate decision to bar Smith's claims on laches grounds was not made without careful and full consideration of the facts and circumstances before the court.

### III. CONCLUSION

Caterpillar established a valid defense of laches by proving it had suffered material prejudice as a result of Smith's unreasonably lengthy delay in filing her Title VII claim against the company. We therefore conclude that Smith's claims are barred by laches and affirm the district court's grant of summary judgment in favor of Caterpillar.


A true Copy:

      Teste:


                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*