Casey Bernard **RODRIGUEZ,**
Plaintiff–Appellant,

v.

**T.S. BAKKE, et al., Defendants–
Appellees.**

No. 02–3215.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 22, 2003.[*]

Decided Dec. 23, 2003.

---

[*] After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed.R.App.P. 34(a)(2).

Casey B. Rodriguez, pro se, Marion, IL, for Plaintiff–Appellant.

James L. Porter, Office of the United States Attorney, Fairview Heights, IL, for Defendants–Appellees.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Casey Rodriguez has hepatitis C. His condition was first diagnosed in 1999 while he was serving a sentence for armed bank robbery at the United States penitentiary in Marion, Illinois. Rodriguez complains that since his diagnosis he has unsuccessfully struggled to obtain from the prison's medical staff the drug Ribetron, the only known treatment for hepatitis C. He sued staff members under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that they violated his Eighth Amendment right against cruel and unusual punishment by providing inadequate medical care. The district court granted the defendants summary judgment, and we affirm.

After Rodriguez tested positive for the hepatitis C virus in November 1999, prison medical staff began monitoring his blood for alanine aminotransferase ("ALT"), an enzyme which, when present in excessive levels, indicates that the virus is causing liver damage. According to Bureau of Prison guidelines attached to Rodriguez's complaint, an inmate whose ALT level is 99 or higher should be retested several times over the course of a year and, if the levels remain elevated, should undergo additional tests to determine whether drug therapy would be appropriate.

Rodriguez's ALT level in November 1999 was under 99, but when he was retested in July 2000 his level was 170 and remained elevated in tests performed in August, November, and the following July. As a result of his consistently high ALT levels, a prison doctor ordered a series of tests to determine whether Rodriguez should be treated with the drug Ribetron. But doctors prescribe Ribetron with caution because, according to the CDC, it can cause significant complications in some patients including autoimmune disease, suicidal depression, and even worsening of liver disease, whereas the natural progression of hepatitis C in some patients causes few complications. Although the prison began evaluating whether Rodriguez was a candidate for Ribetron, in May 2002 the prison suspended its evaluation after Rodriguez was caught drinking homemade alcohol from a two-gallon stash found in his cell. According to Centers for Disease Control recommendations and, the defendants contend, Bureau of Prison guidelines, Ribetron should not be administered to patients who have consumed significant amounts of alcohol within the preceding 6–12 months. The record contains no information about the current status of Rodriguez's treatment.

The district court granted summary judgment to the defendants concluding that Rodriguez failed to offer any evidence that the care he received was inconsistent with Bureau of Prisons guidelines, or that in following the guidelines the defendants violated his Eighth Amendment rights. Alternatively, the court held that summary judgment was appropriate because the doctor who decided Rodriguez's course of care had qualified immunity and because the remaining defendants were not personally involved in treating Rodriguez. We review orders granting summary judgment *de novo* and affirm only if there is no

genuine issue of material fact. Fed. R.Civ.P. 56(c); *Smith v. Caterpillar, Inc.,* 338 F.3d 730, 733 n. 1 (7th Cir.2003).

The defendants violated Rodriguez's Eighth Amendment right against cruel and unusual punishment if they were deliberately indifferent to his serious medical needs. *Matos ex rel. Matos v. O'Sullivan,* 335 F.3d 553, 556 (7th Cir.2003). Deliberate indifference occurs when a prison official consciously disregards a known risk to the health or safety of an inmate. *Palmer v. Marion Co.,* 327 F.3d 588, 593 (7th Cir.2003).

On appeal, Rodriguez argues that the district court improperly decided disputed issues of fact and accepted the defendants' version of events in the face of his contradictory evidence. Specifically Rodriguez argues that the court disregarded his evidence that 1) the prison doctor did not examine him personally for 21 months, 2) the medical staff ignored his unspecified complaints of "pain and suffering," and 3) the defendants should have responded more aggressively to his diagnosis by prescribing Ribetron immediately after his diagnosis. Instead, according to Rodriguez, the court accepted as true the defendants' evidence that they met his medical needs by following Bureau of Prison guidelines on caring for inmates with hepatitis C.

Inmates are not entitled to their preferred course of treatment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001); *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997). Therefore Rodriguez cannot establish deliberate indifference merely by showing that the defendants did not follow his preferences to see the prison doctor more often or to be treated immediately with Ribetron. Rather, to establish that the defendants were deliberately indifferent, he must show that they chose a course of care they knew was ineffective or disregarded the needs of an inmate with hepatitis C. *See Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir.2002).

Rodriguez offered no evidence that the defendants disregarded his medical needs. To the contrary, the undisputed evidence establishes that the defendants conducted all the monitoring and tests recommended by Bureau of Prison guidelines in responding to Rodriguez's diagnosis. Although Rodriguez may have preferred to see the prison doctor each time medical staff drew blood for his ALT test, he has cited no guideline requiring it or even suggesting it.

As for Rodriguez's argument that the court ignored evidence that the defendants disregarded his complaints of pain, his appellate brief does not specifically identify any ignored complaints. Even *pro se* appellants must offer more than just generalized assertions of error, and must support their arguments with citations to the record and relevant authorities. Fed. R.App. P. 28(a)(9); *United States v. Morris,* 259 F.3d 894, 898 (7th Cir.2001). In opposition to summary judgment, Rodriguez had cited a single complaint of "pain in l. side," made September 25, 2001, that the defendants allegedly ignored. But according to the medical record Rodriguez cited, the defendants noted his complaint of pain in his medical file. The file also shows that the medical staff wrote him prescriptions, although it is not clear what the prescriptions were for. Thus, the only pertinent evidence in the record contradicts Rodriguez's allegation that medical staff ignored his complaints.

Rodriguez's next argument is that even if the defendants followed Bureau of Prisons guidelines for caring for hepatitis C inmates, they nevertheless disregarded his medical needs by following guidelines that they knew fell below the standard of care recommended by the Centers for Disease

Control and are "just crazy." But Rodriguez's assertion that the Bureau of Prisons guidelines are substandard is undermined by the CDC materials he cites: "[A] single determination of ALT levels is not always accurate" for determining whether a patient's liver is being damaged by the hepatitis C virus, and therefore "serial determinations of ALT levels can be recommended as the general means of monitoring patients." National Institutes of Health Consensus Statement, *Management of Hepatitis C*, at 11 (1997), *at* http://consensus.nih.gov/cons/105/105_statement.pdf. In fact, the CDC does not recommend Ribetron therapy even for patients with persistent ALT elevations unless additional tests detect fibrosis or other signs that cirrhosis of the liver is likely to occur. *Id.* at 17. Because we conclude that the defendants did not disregard Rodriguez's serious medical needs, we need not review the district court's other reasons for granting summary judgment.

█ Finally, Rodriguez argues that the district court should have advised him that he could have amended his complaint to add as a defendant the medical director of the Bureau of Prisons. Rodriguez presumably now wishes he had sued the director for promulgating what he calls the bureau's "crazy" guidelines on treating inmates with hepatitis C. But Rodriguez failed to show that the guidelines recommend constitutionally inadequate care, so the director's adoption of those guidelines could not have violated the Eighth Amendment.

AFFIRMED.