NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC JUDE RODRIGUEZ, | No. 22-16436 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01814-DWL |
| v. | |
| TARGET CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Isaac Jude Rodriguez appeals pro se from the district court's summary judgment in his Title VII employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, and for an abuse of discretion the application of the laches doctrine. *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by granting summary judgment on the basis of laches because defendant demonstrated that Rodriguez lacked diligence in bringing this action and the delay was prejudicial to defendant. *See id.* (setting forth requirements for an affirmative defense of laches); *Boone v. Mech. Specialties Co.*, 609 F.2d 956, 959-60 (9th Cir. 1979) (holding that a Title VII claim was barred by laches where plaintiff delayed bringing his action for almost seven years).

The district court did not abuse its discretion by denying Rodriguez's motion for reconsideration because Rodriguez failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion by denying Rodriguez's motion to compel discovery because Rodriguez did not comply with the applicable local rules. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court is vested with broad discretion to permit or deny discovery).

The district court did not abuse its discretion by denying Rodriguez's motion for appointment of counsel because Rodriguez did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Rodriguez's motion for leave to file an oversized reply brief (Docket Entry No. 47) is granted. The Clerk will file the reply brief submitted at Docket Entry No. 48.

All other pending motions and requests are denied.

**AFFIRMED.**